967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginald A. KAENEL, Plaintiff-Appellant,
v.
Michael SASSI, Director of IRS, Defendant-Appellee.
 No. 89-16235.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reginald Kaenel appeals pro se the district court's dismissal of his action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Kaenel sought injunctive relief and damages against Internal Revenue Service Officer Sassi in connection with the collection of Kaenel's federal taxes. We have jurisdiction pursuant to 21 U.S.C. § 1291 and affirm.
 
 
 3
 We review a district court's dismissal of an action for failure to prosecute for abuse of discretion. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.' " Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).
 
 
 4
 This is Kaenel's fourth appeal to this court in this action. In the most recent appeal, we reversed the district court's dismissal of Kaenel's action for failure to prosecute and remanded the case to district court because the record did not indicate that the district court had held a show cause hearing. Kaenel v. Sassi, No. 88-1760, memorandum disposition (9th Cir. May 1, 1989). Upon remand, the district court issued an order to show cause and scheduled a show cause hearing. The court ordered Kaenel to appear at the hearing, and to file a certificate setting forth the nature of the cause, its present status, the reason it had not been brought to trial, and the expected future course if not dismissed. The order specifically warned that failure to comply would be deemed sufficient to dismiss the cause. A hearing was held as scheduled, and Kaenel failed to appear or file any certificate. The district court dismissed the action for lack of prosecution.
 
 
 5
 Here, the Carey factors support dismissal for failure to prosecute. Kaenel was given notice of the hearing and warning that his failure to respond and appear would result in dismissal.[1] See Malone v. United States Postal Serv., 833 F.2d 128, 132 (9th Cir.1987) (warning satisfies district court's duty to explore less drastic sanctions), cert. denied, 488 U.S. 819 (1988). Further, the record shows repeated delays throughout the action, including Kaenel's failure at one point to take any action for over a year. Thus, the district court's need to manage its docket and the public's interest in expeditious resolution of litigation weighed in favor of dismissal. See Carey, 856 F.2d at 1440. Under these circumstances, the district court did not abuse its discretion by dismissing Kaenel's action for failure to prosecute. See West Coast Theater, 897 F.2d at 1523.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Kaenel's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kaenel apparently contends that he did not receive notice of the hearing in time to appear because it had to be forwarded to his new address. Nevertheless, it was Kaenel's responsibility to keep the district court apprised of any change in his address. See Carey, 856 F.2d at 1441 (upholding 41(b) dismissal where pro se litigant failed to keep court apprised of address). The record shows that he failed to do this despite explicit warnings from the district court. Thus, his own culpable conduct led to his lack of timely notice of the hearing and does not excuse his failure to appear. See id
 
 
 [2]
 Kaenel's "Petition for Enforcement of Right to Due Process" is hereby denied. Kaenel's "Provisional Petition for Rehearing En Banc" is denied as premature. See Fed.R.App.P. 40(a)