972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brent Eli MORRIS, Plaintiff-Appellant,
v.
George DEEDS, Warden; James Rankl, Dag; Scott Bodeau, Dag,
Defendants-Appellees,
and
Paul W. Martin, Assistant Director of Security; Richard
Lee, Mgr., Law Librarian; Sgt. Hulbert, John and
Jane Does F-M, Defendants.
 No. 91-16605.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 28, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brent Eli Morris, a Nevada state prisoner, appeals pro se the district court's partial dismissal of his 42 U.S.C. § 1983 action.[1] In his complaint, Morris challenged the ten-day delay in the shipment of his legal documents when he was transferred from a state prison to a county detention center for court appearances. He also claimed that some of the documents were lost. The district court granted the motions to dismiss filed by two state attorneys general and the state prison warden on the ground that Morris failed to oppose the motions, and thereby consented to the granting of the motions under Local Rule 140-6 of Rules of Practice for the United States District Court for the District of Nevada ("Local Rule 140-6"). We review the district court's dismissal of these defendants under the local rules for an abuse of discretion, Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988), and we affirm.
 
 
 3
 Local Rule 140-6 provides in pertinent part that "[t]he failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Under Local Rule 100-5, the district court has the discretion to change or waive any of the local rules in the interest of justice.
 
 
 4
 Failure to follow a district court's local rules is a proper ground for dismissal. Carey, 856 F.2d at 1440. Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. If the district court does not consider these factors explicitly, we review the record independently to determine whether the district court abused its discretion. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986).
 
 
 5
 An independent review of the record supports the district court's grant of the defendants' motions to dismiss. Morris was given ample time to respond to the motions to dismiss. Moreover, pro se litigants must follow the same rules of procedure that govern all litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). Finally, in upholding a similar Arizona District Court local rule, we have held that "[o]nly in rare cases will we question the exercise of discretion in connection with the application of local rules." United States v. Warren, 601 F.2d 471, 473-74 (9th Cir.1979). Accordingly, we hold that the district court did not abuse its discretion by granting the defendants' motions to dismiss. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court directed entry of final judgment as to the partial dismissal pursuant to Fed.R.Civ.P. 54(b). Accordingly, we have jurisdiction over this timely appeal. Baker v. Limber, 647 F.2d 912, 916 (9th Cir.1981)