**Gregory CAREY, Plaintiff–Appellant,**

v.

**John E. KING, Defendant–Appellee.**

**No. 86–4335.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 17, 1988 *.

Decided Sept. 15, 1988.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Eugene I. Annis, Lukins & Annis, P.S., Spokane, Wash., for plaintiff-appellant.

No appearance for defendant-appellee.

Before WALLACE, SNEED and POOLE, Circuit Judges.

PER CURIAM:

Carey appeals the district court's dismissal without prejudice of his action brought pursuant to 42 U.S.C. § 1983 for failure to prosecute. He contends that the district court abused its discretion by dismissing his complaint sixty days after mail, addressed to him from the district court, was returned by the post office as undeliverable. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's order dismissing an action for failure to prosecute for an abuse of discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir.1984), *cert. denied*, 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985). We affirm.

Carey filed a pro se civil rights complaint on August 8, 1986. At that time he was incarcerated at the King County jail. Soon thereafter, Carey was transferred to the State correctional facility at Walla Walla. On September 3, 1986, the district court issued an Order Directing Service of Process and Procedures which was mailed to Carey at King County jail, the address listed in his complaint. The Order was returned by the Post Office as undeliverable, and the action was dismissed without prejudice on November 10, 1986.

In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). Here, the district court relied on Local Rule 41(b)(2), which confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address.[1] If mail is returned to

---

1. Local Rule 41(b)(2) of the Western District of Washington states "[a] party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by

the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute."

the court by the post office, the pro se plaintiff has sixty days to communicate with the court or face possible dismissal of his action.

Carey first argues that the district court abused its discretion because he had no notice that dismissal was imminent. Here, the local rule itself provided notice of the action taken. Requiring any additional notice in the unique circumstances presented by a pro se litigant's failure to advise the district court of a change in his address is unworkable. Additional prior notice of imminent dismissal would be a futile gesture, given that the district court's prior mailing to Carey was returned as undeliverable.

Carey next complains that the district court did not consider alternative sanctions. But we can imagine no less drastic sanction that was available to the district court. Local Rule 41(b)(2) provides that the action may be dismissed *without* prejudice, not with prejudice. The district court could not contact Carey to threaten him with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail. Carey's suggestion that we impose upon the district court an affirmative obligation to call the jailhouse to inquire into his whereabouts prior to dismissing his lawsuit is unacceptable. A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address. Local Rule 41(b)(2)'s practical effect is merely to encourage all pro se litigants, and not just pro se prisoners, to keep the court abreast of their current mailing addresses, as all other litigants are required to do, to enable the court to communicate with them when necessary. By shifting this responsibility to the courts, we would completely eviscerate the legitimate and solitary objective of Local Rule 41(b)(2), which is to give pro se litigants an incentive to inform the court of any change of address to allow for the orderly processing of the lawsuit.

Finally, Carey contends that an abuse of discretion occurred because the delay in prosecution was not unreasonable or intentional. But the district court, being unable to communicate with Carey, could not ascertain the reasons for his complacency in pursuing his case. It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.

AFFIRMED.

