892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis Butler O'NEAL, Plaintiff-Appellant,
v.
C/O PETERSON of # 21 Gun Tower of Old Folsom State Prison,
Defendant-Appellee.
 No. 88-15704.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1989.*
Decided Dec. 18, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Louis Robert O'Neal, a California state prisoner, appeals pro se the district court's order dismissing without prejudice his 42 U.S.C. § 1983 action for lack of prosecution. The district court based the dismissal on Fed.R.Civ.P. 41(b) and United States District Court for the Eastern District of California Local Rule 271(a). Local Rule 271(a) permits a court to place on its dismissal calendar any action that has been pending for more than six months and in which the plaintiff has failed to take action for more than six months. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review a district court's order dismissing an action for failure to prosecute for an abuse of discretion. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam).
 
 
 4
 In determining whether to dismiss an action for lack of prosecution, the district court must weigh several factors: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).
 
 
 5
 We first consider any prejudice to O'Neal by this dismissal. Because § 1983 contains no statute of limitations, we borrow the forum state's statute of limitations for personal injury torts. Wilson v. Garcia, 471 U.S. 261, 276 (1986). When a state has one or more statutes of limitations for certain enumerated torts, as is the case with California, the statute of limitations for § 1983 actions is "the residual or general personal injury statute of limitations." Owens v. Okure, --- US. ----, ----, 109 S.Ct. 573, 574 (1989). Under Cal.Civ.Proc.Code § 340(3), the statute of limitations for § 1983 actions is one year from the date of accrual. Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). O'Neal's complaint alleges that his injury occurred on January 27, 1988. The district court entered its dismissal without prejudice on November 30, 1988. As a result, O'Neal had over seven weeks in which to file a new complaint before the statute of limitations ran. Because O'Neal had adequate time in which to renew his action, we find no prejudice to him in the dismissal.
 
 
 6
 A dismissal without prejudice when the statute of limitations has not run is not a drastic sanction. See Carey v. King, 856 F.2d at 1441 (in a prisoner's § 1983 action, alternative measure such as order to show cause when dismissal was not warranted or an order imposing sanctions "would only find itself taking a round trip tour through the United States mail"). The only effect of the district court's action was to allow it to clear its docket and enable O'Neal to refile his action if he so desired.
 
 
 7
 O'Neal failed to take any action in his case for over eight months. He made no response to the order to show cause why his action should not be dismissed for lack of prosecution, and he failed to explain his nonresponsiveness in his objections to the magistrate's findings and recommendations. Further, he offered no suggestions to the district court as to what he would have done to pursue his action. Finally, O'Neal has not provided us with any explanation for his failure to pursue his action or respond to the order to show cause in his appellate brief.
 
 
 8
 For these reasons, the district court did not abuse its discretion in dismissing without prejudice O'Neal's complaint.
 
 
 9
 The judgment is hereby AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3