951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James CARTER, dba Carter Aircraft Company, Plaintiff-Appellant,
v.
Mervin MCCONNELL, Defendant-Appellee.
 No. 90-16249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 12, 1991.
 
 Before SNEED, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Carter appeals pro se the district court's dismissal of his breach of contract action against Mervin McConnell for failure to file a joint pretrial order. Carter contends that he had already filed a pretrial order and that it was McConnell's duty to initiate the filing of a joint pretrial order. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We construe a dismissal for failure to file a pretrial order pursuant to court order as a dismissal pursuant to Fed.R.Civ.P. 41(b). Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). We review such a dismissal for abuse of discretion. Id.; Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988).
 
 
 4
 Before dismissing an action for failure to comply with a court order, the district court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). If the district court does not make explicit findings on these factors, we review the record independently to determine whether the court abused its discretion. Henderson, 779 F.2d at 1424.
 
 
 5
 Here, on November 21, 1989, the district court ordered the parties to file a joint pretrial order by December 29, 1989. Carter contends that because he had filed a pretrial order in the case in 1984 and McConnell had refused to cooperate in the filing of a joint pretrial order at that time, it was McConnell's responsibility to initiate the filing of a pretrial order. McConnell attempted to contact Carter to file a joint pretrial order but Carter refused to cooperate. McConnell filed a pretrial order on December 28, 1989.
 
 
 6
 The magistrate then issued two orders requiring Carter to file a pretrial order. Carter continued to maintain that he had already filed a pretrial order in 1984 and that McConnell was required to initiate the filing of a pretrial order. The magistrate specifically found that McConnell had met his responsibility for initiating the pretrial order, that Carter's 1984 pretrial order was insufficient, and that Carter was required to file a joint pretrial order. Carter failed to file a joint pretrial order. The court issued an order on June 22, 1990 requiring Carter to file a joint pretrial order and warning him that if he failed to do so within 21 days his action would be dismissed. On July 18, 1990, when Carter still had not filed a joint pretrial order, the court dismissed the action.
 
 
 7
 The trial court did not abuse its discretion in dismissing Carter's action under these circumstances. See Carey, 865 F.2d at 1440. The court clearly informed Carter that he was required to file a joint pretrial order, and that McConnell had already met his obligation in initiating the order. The court gave Carter four opportunities to file a joint pretrial order over a period of eight months. The court also warned Carter that he faced dismissal if he refused to comply. The court was in the best position to determine that the period of delay combined with Carter's continued refusal to comply with court orders, constituted an unworkable burden on its docket. See Henderson, 779 F.2d at 1449. Further, the repeated warnings satisfied the court's duty to explore alternative sanctions. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3