960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael TAYLOR, Plaintiff-Appellant,
v.
WARREN COUNTY REGIONAL JAIL; City of Bowling Green; Warren
County, Kentucky; L.J. Young; Jessie Miller,
Defendants-Appellees.
 No. 91-5463.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs of the parties and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Taylor's 42 U.S.C. § 1983 civil rights complaint alleged that when he was transferred to the Warren County Jail on April 14, 1990, he had a broken hand, was denied medical care, and was placed in maximum security. He was also denied pen and paper and access to the law library. He also alleged that on April 18, deputy jailer L.J. Young attacked him when he was being transferred from the jail to the Kentucky Psychiatric Center. He named as defendants the Warren County Regional Jail; City of Bowling Green; Warren County, Kentucky; L.J. Young; and Jessie Miller.
 
 
 4
 Defendants Young, Warren County Regional Jail, Warren County and Jessie Miller filed an answer to the complaint in which they prayed for dismissal of the complaint. By separate document, Warren County and Warren County Regional Jail sought to dismiss the complaint because of Eleventh Amendment immunity. Subsequently, a motion to dismiss was filed by the City of Bowling Green.
 
 
 5
 The magistrate judge filed two reports and recommendations on February 1, 1991--one as to the motion to dismiss filed by the City of Bowling Green and the other as to the motion filed by Warren County and Warren County Regional Jail. He recommended that the motions to dismiss be granted on the basis that the plaintiff failed to respond to the motions as required by Local Rule 6 of the Western District of Kentucky (LR). Plaintiff was given 13 days in which to file objections and a warning was given that the failure to file objections would constitute a waiver of the right to appeal.
 
 
 6
 By motion filed March 13, plaintiff stated that he was unable to respond to the motions to dismiss or the magistrate judge's reports because his mail was sent to the wrong address. The plaintiff's motion sought copies of the motions to dismiss and an opportunity to respond to them. Responses were filed by the defendants.
 
 
 7
 The district court judge determined that the defendants did all they could do to obtain service of the motions to dismiss on the plaintiff and that the burden was on the plaintiff to notify the court and parties of any change of address. On the basis of LR 6 and the failure of the plaintiff to respond to the motions to dismiss, the district court judge denied the plaintiff's motion and affirmed the magistrate judge's reports and recommendations to dismiss all the defendants. Plaintiff appealed on April 9 from the district court's April 2 order. On August 1, 1991, the district court sua sponte clarified its April 2 order by stating that such order "was intended to adopt both sets of recommendations from the Magistrate Judge and was intended to dismiss all of the Defendants."
 
 
 8
 Plaintiff, on appeal, argues that the defendants in their official and individual capacities denied him medical care, denied him due process by denying him medical care for his hand as a form of punishment, and the lack of medical care constituted cruel and unusual punishment. The defendants' briefs point out the fact that the dismissal was purely on procedural grounds which the plaintiff failed to attack in the brief. In plaintiff's reply brief, he argues that he showed the district court excusable neglect for the failure to respond to the motions to dismiss and the magistrate judge's reports and recommendations and seeks this court to rule on the merits of his case as presented in his brief.
 
 
 9
 A review of the record indicates that the magistrate judge's recommendations applied to the two motions to dismiss filed by Warren County, Warren County Regional Jail and the City of Bowling Green, but neither the motions nor the recommendations addressed Young and Miller. In the order entered April 2, 1991, the district court judge stated that the "Magistrate recommended that the Complaint against all the Defendants be dismissed" and the court affirmed the magistrate judge's recommendations. The district court later clarified the April 2 decision by order entered August 1, 1991, stating that he intended to dismiss all defendants. However, neither the magistrate judge nor the district court addressed the issues against Young and Miller or their request to dismiss contained in the answer to the complaint. Accordingly, the final order as it pertains to Young and Miller is vacated and remanded for further proceedings.
 
 
 10
 The dismissal of the action of the district court for failure to respond to the motions to dismiss filed by the City of Bowling Green, Warren County and Warren County Regional Jail was for want of prosecution. An abuse of discretion standard of review is applied. DeBardeleben v. Quinlan, 937 F.2d 502, 504 (10th Cir.1991); Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam); Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir.1988). In reviewing such a dismissal, three factors are considered: 1) the degree of actual prejudice to the defendant; 2) the amount of interference with the judicial process; and 3) the culpability of the litigant. DeBardeleben, 937 F.2d at 504. Although there is no evidence of actual prejudice to the defendants, there was interference with the judicial process. Plaintiff had the burden of advising the court and the parties of any change of address. Plaintiff merely assumed everyone was aware of his current address. In addition, the record reflects that eleven months passed between the filing of his complaint and his next contact with the court, thus indicating a lack of diligence. It does not appear that the district court abused its discretion in dismissing the complaint as to these three defendants.
 
 
 11
 It is ORDERED that the final decision entered April 2, 1991, as it applies to Young and Miller be, and it hereby is, vacated and remanded for further proceedings, and the final decision as it applies to the City of Bowling Green, Warren County and Warren County Regional Jail be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation