967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry BEAVER; Cheryl Beaver; Aaron Beaver; Janice Manley,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-55711.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Beaver, Cheryl Beaver, Aaron Beaver, and Janice Manley (collectively "plaintiffs") appeal the district court's dismissal of their action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). In their complaint, plaintiffs sought damages against the United States arising out of the allegedly negligent handling of the body of a relative during a funeral ceremony at Riverside National Cemetery in 1987. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review a district court's dismissal of an action for failure to prosecute for abuse of discretion. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).
 
 
 4
 Here, the plaintiffs failed (1) to respond to the government's interrogatories, (2) to attend scheduled depositions, or (3) to prepare a joint status report. The district court issued an order to show cause why the action should not be dismissed for lack of prosecution. Counsel for the plaintiffs responded to the order to show cause explaining that "a personal family problem" had interfered with his ability to prosecute the action. The district court fined counsel $100 for his failure to prepare a joint status report, but did not dismiss the action. A pre-trial conference was scheduled. Pursuant to the local rules, plaintiffs were required to prepare and file a memorandum of contentions of facts and law before the pre-trial conference. No memorandum was filed, and the government moved for dismissal. Plaintiffs filed no response to this motion. The district court issued a second order to show cause why the action should not be dismissed for lack of prosecution. Plaintiffs filed an untimely response to this motion. On March 25, 1991, a magistrate judge held a hearing on the government's motion to dismiss and on the court's order to show cause. Counsel for the plaintiffs appeared at the hearing, conceded that dismissal would be warranted, but argued against dismissal because it would be unjust to his clients. The magistrate judge noted that the plaintiffs had not been well-served by counsel, but concluded that the action should be dismissed for lack of prosecution. The district court adopted the magistrate judge's recommendation and dismissed the action.
 
 
 5
 Given these circumstances, the Carey factors support dismissal for failure to prosecute. See Carey, 856 F.2d at 1440. Specifically, plaintiffs' counsel's inaction impeded the expeditious resolution of the action and interfered with the court's ability to manage its docket. See id. The district court tried less drastic monetary sanctions after the first order to show cause, but it did not have the desired effect. Moreover, plaintiffs, through their counsel, were adequately warned of the possibility of dismissal by the court's first order to show cause. See Malone v. United States Postal Serv., 833 F.2d 128, 132 (9th Cir.1987) (warning satisfies district court's duty to explore less drastic sanctions), cert. denied, 488 U.S. 819 (1988). Given the repeated failure to prosecute the action, the district court did not abuse its discretion by dismissing plaintiffs' action. See West Coast Theater, 897 F.2d at 1523.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiffs' argument that the district court abused its discretion by dismissing the action because the lack of prosecution is attributable to their attorney is without merit. See Henderson, 779 F.2d at 1424 n. 1; Malone, 833 F.2d at 134. These cases establish that clients are responsible for the delinquencies and shortcomings of their chosen counsel