972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George W. ABBOTT, Plaintiff-Appellant,
v.
UNITED VENTURE CAPITAL, INC., a Nevada Corporation; Inn
Management, Inc., a Nevada Corporation; Seth L.
Atwood; Robert J. Angres; Mark H.
Gunderson, Defendants-Appellees.
 No. 91-16085.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George W. Abbott appeals pro se the district court's dismissal of his action under Fed.R.Civ.P. 41(b) for failure to prosecute. Abbott contends that the district court should have conducted a hearing before dismissing his case, and that its dismissal was an abuse of discretion. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review a district court's dismissal of an action for failure to prosecute for abuse of discretion. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.' " Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).
 
 
 4
 On December 30, 1986, Abbott filed a defamation action against defendants. On March 2, 1987, Abbott filed a second action against defendants based on the same underlying facts. The district court consolidated the cases on April 27, 1989. After several pretrial discovery motions and orders, trial was set for June 11, 1991.
 
 
 5
 On June 5, 7, and 10, 1991, Abbott filed motions to continue the trial based on his unreadiness for trial, defendants' alleged discovery violations, and scheduling conflicts. The district court denied Abbott's motions and expressly warned him that if he failed to appear for trial on June 11, 1991, it would consider dismissing his action for failure to prosecute. Despite this warning, Abbott telephoned the court clerk the morning of June 11, 1991 and stated that he would not appear for trial. At trial, defendants made an oral motion to dismiss Abbott's action for failure to prosecute. After reviewing the extensive record dating back nearly five years, the district court considered the Carey factors and dismissed the case.[1]
 
 
 6
 Abbott argues that he should have been afforded an opportunity to be heard before the district court dismissed his case, and that the Carey factors weighed against dismissal. We disagree.
 
 
 7
 Abbott was warned on at least two occasions that his failure to appear for trial would warrant dismissal. See Malone v. United States Postal Serv., 833 F.2d 128, 132 (9th Cir.1987) (warning satisfies duty to explore less drastic alternative sanctions), cert. denied, 488 U.S. 819 (1988).[2] He had an opportunity to oppose the dismissal of his case at the trial, but chose instead not to appear. The record indicates that the district court repeatedly granted Abbott's requests for extensions to file documents and continuances. Thus, the district court's need to manage its docket and the public's interest in expeditious resolution of litigation weighed in favor of dismissal. See Carey, 856 F.2d at 1440. The defendants were prejudiced by Abbott's behavior because they incurred expenses to prepare for trial on June 11, 1991. See West Coast Theater, 897 F.2d at 1524. Although the public policy in favor of deciding cases on their merits weighed against dismissal, this interest was outweighed by the other four Carey factors which, in this case, supported dismissal. See Malone, 833 F.2d at 133 n. 2. Therefore, we conclude that the district court did not abuse its discretion by dismissing Abbott's action for failure to prosecute. See id. at 133.[3]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court went through each of the Carey factors at trial and made explicit findings. Abbott's contention that the district court must make written findings is not supported by the case law
 
 
 [2]
 The district court considered less drastic sanctions, including monetary penalties, but rejected them because Abbott had failed to comply with the district court's prior monetary sanctions
 
 
 [3]
 Abbott strenuously argues that the defendants' allegedly willful disregard of the district court's discovery orders and their extensive motion practice contributed to the delay in proceedings. Nevertheless, these assertions, even if true, do not excuse Abbott's failure to appear for trial. The district court expressly informed Abbott that "[e]ven if the claims of misconduct ... are true, they would not warrant striking pleadings or entering defaults. Plaintiff will be able to bring these matters out at trial if he wishes to do so."