977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Edward PUETT, Plaintiff-Appellant,
v.
Mike BLANDFORD, Sgt.; Tom Girard; John Girard, Defendants-Appellees.
 No. 91-16940.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 20, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Edward Puett appeals pro se the district court's dismissal of his Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) action. The district court dismissed the action pursuant to Rule 140-6 of the Rules of Practice for the United States District Court for the District of Nevada because Puett failed to file a timely opposition to defendants' motion to dismiss or in the alternative for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm in part, vacate in part and remand.
 
 
 3
 Puett filed this action against defendants Sergeant Mike Blandford, Newton Sikes, John Girard, and Tom Girard alleging that defendants violated his fourth amendment rights when Blandford and Sikes, acting without a warrant, entered and searched a trailer Puett was renting from the Girards and seized the trailer and Puett's personal property. Blandford and Sikes filed a motion to dismiss or in the alternative for summary judgment on March 18, 1991. On June 21, 1991, the district court entered an order granting the motion to dismiss pursuant to Local Rule 140-6 because Puett had not filed an opposition. On July 3, 1991, Puett filed a motion to vacate the order of dismissal, contending that he had never received the motion.[1] On August 2, 1991, the district court entered an order granting Puett's motion to vacate and allowing him 15 days from the date of the order, or until August 17, 1991, to file an opposition to defendants' motion. The district court warned Puett that if no timely opposition was received, the order of dismissal would stand. On August 21, 1991 Puett's opposition was filed. The district court found that Puett had not filed a timely opposition, ordered that the previous dismissal would remain in effect, ordered the action dismissed as to all defendants, and entered judgment.
 
 
 4
 We review the district court's dismissal pursuant to its Local Rules for abuse of discretion. Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989). District courts have broad discretion in interpreting and applying their Local Rules. Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir.1983). Local Rule 140-4 provides: "an opposing party shall have 15 days after service of the moving party's points and authorities within which to file and serve a memorandum of points and authorities in opposition to the motion." Local Rule 140-6 provides: "[t]he failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."
 
 
 5
 When the district court entered its order of dismissal on June 21, 1991, Puett had not filed an opposition. Thus, dismissal was appropriate under the Local Rules. See Local Rule 140-4, 140-6; Miranda, 710 F.2d at 521.
 
 
 6
 Puett contends, nevertheless, that he filed a timely opposition in response to the district court's August 2, 1991 order. This contention lacks merit. Puett's opposition was not filed until August 21, 1991, and, therefore, was not timely. Puett apparently contends his opposition was filed when it was mailed, August 12 or 13. Although Rule 5(b) of the Federal Rules of Civil Procedure provides that service by mail is complete upon mailing, a document is not filed until it is received by the district court, and the district court order required that Puett's response be filed by August 17, 1991. See Fed.R.Civ.P. 5(b). Puett also contends that he was entitled to additional time because it took several days for the clerk to mail the order to him in Nevada. Rule 6(e) allows additional time when a party is required to do some act within a prescribed period after service by mail. Fed.R.Civ.P. 6(e). Here, however, the district court order required that Puett file his opposition within 15 days of the order, not within 15 days of service of the order. Thus, Puett cannot rely on Rule 6(e) to extend the time for filing his opposition. Accordingly, the district court correctly found that Puett had not filed a timely opposition to defendants' motion.
 
 
 7
 The district court dismissed the action as to all named defendants and entered judgment. Because the motion to dismiss was filed only by Blandford and Sikes, Puett's failure to file a timely response is considered a consent to granting that motion as to those defendants only. Thus, we construe the dismissal of the action as to the Girards as a dismissal for failure to comply with a court order pursuant to Fed.R.Civ.P. 41(b).
 
 
 8
 We review a district court's dismissal of an action for failure to prosecute for abuse of discretion. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.' " Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)). Consideration of less drastic sanctions may include providing warnings to plaintiff that dismissal is imminent. Henderson, 779 F.2d at 1424.
 
 
 9
 Here, Puett had no warning that the district court was considering dismissing his entire action as to all named defendants. See id. Further, the Girards suffered no prejudice because they were not parties to the motion to dismiss filed by Blandford and Sikes, and they had not taken any action in the case while the motion was pending. See Carey, 856 F.2d at 1440. Thus, the district court abused its discretion by dismissing the action as to the Girards. See id. Accordingly, we vacate the dismissal of the action as to these defendants and remand for further proceedings.
 
 
 10
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Puett contends that the motion was not sent to his most recent address. The record reflects that Puett changed his address several times during the course of litigation. Defendants contend that the motion was sent to his address of record at the time, and that it was Puett's burden to keep the court and defendants apprised of his current address