988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael R. WIGGS, Plaintiff-Appellant,
v.
SECRETARY OF the ARMY; Secretary Of the Navy; United
States Marine Corps; United States of America,
Defendants-Appellees.
 No. 90-55823.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-87-0256-G(BTM); Earl B. Gilliam, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael R. Wiggs, a former civilian employee with both the United States Army and Marine Corps, appeals pro se both the district court's transfer of his Title VII employment discrimination claim against the Secretary of the Army to the Eastern District of Virginia, and the dismissal of his action against the Secretary of the Navy. Wiggs contends that the district court erred by (1) finding that the Southern District of California was not the proper venue for his claims against the Secretary of the Army and (2) dismissing his claims against the Secretary of the Navy for lack of prosecution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 Background
 
 3
 According to Wiggs' complaint, on June 16, 1980, he began serving as an auditor for the Marine Corps at Camp Pendleton, California. One week later, he was selected for and accepted an auditor position with the United States Army at Camp Zama, Japan. In 1983, the Army denied Wiggs request to extend his term. He returned to the United States and was reinstated with the Marine Corps at Camp Pendleton.
 
 
 4
 Wiggs filed a single complaint in the Southern District of California alleging separate and distinct Title VII claims against the Secretary of the Army and the Secretary of the Navy. Wiggs' claim against the Secretary of the Army alleged that he suffered discrimination during his civilian employment in Japan. Following his employment in Japan, Wiggs alleged that he was subjected to reprisal discrimination during his subsequent employment with the Marine Corps in California due to prior complaints he filed with the Equal Employment Opportunity Commission, and letters he wrote to various high-ranking government officials, each alleging discrimination by the Army.
 
 
 5
 The district court, relying on 42 U.S.C. § 2000e-5(f)(3), transferred his claim against the Secretary of the Army, whose principal office is in Alexandria, Virginia, to the Eastern District of Virginia. The district court dismissed Wiggs' remaining claim against the Secretary of the Navy for lack of prosecution based upon eighteen months of inactivity. Wiggs timely filed a notice of appeal.[1]
 
 1. Transfer
 
 6
 Wiggs contends that the district court erred by transferring his discrimination claim against the Secretary of the Army to the Eastern District of Virginia because the relevant employment records were allegedly maintained in California. This contention lacks merit.
 
 
 7
 We review for abuse of discretion a district court's transfer of an improperly filed case under 28 U.S.C. § 1406(a). Cent. Valley Typo. Un. No. 46 v. McClatchy News., 762 F.2d 741, 745 (9th Cir.1985).
 
 
 8
 "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); accord King v. Russell, 963 F.2d 1301, 1304 (9th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3446 (U.S. Dec. 3, 1992) (No. 92-954).
 
 
 9
 42 U.S.C. § 2000e-5(f)(3) provides in relevant part:
 
 
 10
 an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of section [ ] ... 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action may have been brought.
 
 
 11
 Here, Wiggs' claim against the Army was based upon his civilian employment in Japan. He argued that the employment records relevant to his claim against the Army were maintained in California by the Secretary of the Navy. The district court, however, reviewed the records maintained by the Marine Corps and concluded that the relevant employment records for Wiggs' discrimination claim against the Army were maintained in Japan. The Secretary of the Army maintained his principal office in Alexandria, Virginia. In accordance with section 2000e-5(f)(3), the district court transferred the claim to the Eastern District of Virginia.
 
 
 12
 Accordingly, the district court did not abuse its discretion by transferring Wiggs' claim against the Secretary of the Army to the Eastern District of Virginia where the Secretary maintained his principal office. See 42 U.S.C. § 2000e-5(f)(3).
 
 2. Lack of Prosecution
 
 13
 We review for abuse of discretion a district court's dismissal of an action for lack of prosecution. Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991); West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990).
 
 
 14
 In determining whether dismissal of an action is appropriate, the district court must consider the following factors: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage it docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.' " Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)). Additionally, the district court relied on the Southern District of California Local Rule 237, which allowed the court to dismiss an action if it was pending for more than six months without any discovery or proceeding during the relevant period. S.D.Cal.R. 237.[2]
 
 
 15
 Here, on November 7, 1988, the district court issued an order transferring Wiggs' claim against the Secretary of the Army to the Eastern District of Virginia. Wiggs' claim against the Secretary of the Navy remained in the Southern District of California. On May 30, 1990, the district court entered an order to show cause why the claim against the Secretary of the Navy should not be dismissed for lack of prosecution. At the hearing, on July 2, 1990, neither Wiggs nor his counsel appeared. The district court then dismissed the action because it had been pending for more than six months without any activity.
 
 
 16
 Wiggs argues that the district court erred by dismissing his discrimination claim against the Secretary of the Navy for lack of prosecution because his attorney neglected the case. We have previously considered a similar argument and rejected it. See West Coast Theater Corp., 897 F.2d at 1523 ("A plaintiff cannot avoid dismissal by arguing that he ... is an innocent party who will be made to suffer for the errors of his ... attorney.").
 
 
 17
 Wiggs also argues that the district court erred because he had no notice that the dismissal was imminent. We disagree. The district court sent Wiggs' counsel of record a notice regarding the hearing. Moreover, "the local rule itself provided notice of the action taken." See Carey, 856 F.2d at 1441.
 
 
 18
 Accordingly, the district court did not abuse its discretion by dismissing Wiggs' claims against the Secretary of the Navy for lack of prosecution. See id.; West Coast Theater Corp., 897 F.2d at 1524-25.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Wiggs appears to argue for the first time that the appellee's brief should be stricken. We decline to address arguments not raised in the appellant's opening brief. See Sanchez v. City of Santa Ana, 915 F.2d 424, 430 (9th Cir.1990), cert. denied, 112 S.Ct. 66 (1991)
 We deny Wiggs' "Motion for removal of CR 15, CR 16 and CR 33 from the defendant's supplemental excerpts of record."
 
 
 [2]
 Local Rule 237 has been renumbered as local rule 41.1(a). Rule 41.1(a) states that:
 [a]ctions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the clerk. Such a dismissal shall be without prejudice, unless otherwise ordered.
 S.D.Cal.R. 41.1(a).