999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abbes RAHAL, Plaintiff-Appellant,
v.
CITY OF SAN JOSE, et al.; Santa Clara County Transportation
Agency, Defendants-Appellees.
 No. 92-16487.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abbes Rahal appeals pro se the district court's denial of his Fed.R.Civ.P. 60 motion to vacate the district court's order dismissing his civil rights action for lack of prosecution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Rahal filed his complaint on November 2, 1989, alleging violations of his civil rights by the San Jose Police Department ("SJPD"). He asserted that he was detained and searched by the SJPD without probable cause for being a terrorist and that, during the search, the SJPD confiscated several items of his personal property.
 
 
 4
 The district court scheduled a May 3, 1991 status conference. The court mailed the order setting the conference, as well as several other orders to the address listed on Rahal's court documents. The orders were returned to the court by the Post Office, apparently because Rahal had moved. Rahal failed to appear at the May 3, 1991 status conference. The court subsequently issued an Order to Show Cause ("OSC") why the case should not be dismissed on June 7, 1991. This order was also returned by the post office. Rahal failed to appear at the OSC hearing, and the court dismissed the case for failure to prosecute. On June 4, 1992, almost one year after the dismissal, Rahal brought his Rule 60(b) motion.
 
 
 5
 We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quotations omitted). Pursuant to Rule 60(b), a district court "may relieve a party ... from final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).
 
 
 6
 All litigants, even those proceeding pro se, are required to comply with the court rules. Carter v. Comm'r, 784 F.2d 1006, 1008 (9th Cir.1982). It is the litigant's responsibility to keep the district court apprised of his or her current mailing address. Carey v. King, 856 F.2d 1439, 1441 (9th Cir.1988).
 
 
 7
 Here, Rahal states that he "was afraid of arrest and harassment during the Gulf War, had to stay away from San Jose out of fear of SJPD, and could no longer prosecute the case diligently." He also states that he was unwilling to pursue the case until he obtained counsel to represent him.
 
 
 8
 We agree with the district court that Rahal's fear for his personal safety did not excuse his failure to permit the district court some method of contacting him. See id. Moreover, Rahal was granted leave to proceed in forma pauperis, and thus could prosecute his case without counsel. Accordingly, because Rahal has failed to show excusable neglect for his failure to prosecute his claim, the district court did not abuse its discretion by denying his Rule 60(b) motion. See Molloy, 878 F.2d at 315.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3