8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene J. HUTCH, Plaintiff-Appellant,
v.
BUSINESS OFFICE FOR OAHU COMMUNITY CORRECTIONAL CENTER,
Defendant-Appellee.
 No. 93-15887.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 15, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene J. Hutch, a Hawaii state prisoner, appeals pro se the district court dismissal of his 42 U.S.C. § 1983 civil rights complaint against prison officials for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal of a complaint for failure to prosecute for an abuse of discretion, see Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991), and we affirm.
 
 
 3
 Hutch contends that the district court erred in dismissing his complaint for failure to prosecute. We disagree. District courts have an inherent power to control their dockets, and may when appropriate dismiss an action as a sanction. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (internal citations and quotations omitted).
 
 
 4
 The district court here found that its need to manage its docket, the public's interest in expeditious litigation, and the prejudice to the defendants, who had to wait over two years for the disposition of this case, outweigh the public policy interest in the disposition of cases on their merits. Moreover, the district court explicitly considered less drastic alternatives and modified the magistrate judge's report and recommendation to dismissal of the complaint without prejudice.
 
 
 5
 Because the district court judge carefully weighed the Carey factors, including the consideration of less drastic alternatives to dismissal, and found that the factors favored dismissal for failure to prosecute, there was no abuse of discretion in dismissing this complaint for failure to prosecute. See Carey, 856 F.2d at 1440.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3