73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David CANTARELLA, Plaintiff-Appellant,
v.
Wendy Lynn GAY, Defendant-Appellee.
 No. 95-16325.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On remand from this court,[1] Nevada state prisoner David Cantarella appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. Sec. 1983 action for failure to obey court orders requiring him to file an amended complaint and for his failure to apprise the court of his current address. We review for abuse of discretion the district court's dismissal for failure to prosecute. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Cantarella contends that the district court abused its discretion by dismissing his action. This contention lacks merit. Cantarella fails to show that he filed a change of address with the district court. Rather, Cantarella only states that he filed a change of address with the court of appeals. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." See Carey, 856 F.2d at 1441; see also D.Nev.R. 215(m)[2] (requiring section 1983 plaintiffs to file with the clerk any change of address and warning that failure to do so may result in dismissal).
 
 
 4
 Accordingly, the district court did not abuse its discretion by dismissing Cantarella's action. See Carey, 856 F.2d at 1441.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In an unpublished disposition, this court affirmed the district court's dismissal of Cantarella's claims for false arrest and imprisonment as time barred and vacated the district court's dismissal of Cantarella's malicious prosecution claim. The court remanded this case to the district court so Cantarella could amend his complaint to state a cognizable claim for malicious prosecution. See Cantarella v. Kuzemchak, et al., No. 93-16333 unpublished memorandum disposition (9th Cir. September 29, 1994)
 
 
 [2]
 Although superceded on June 1, 1995, Local Rule 215(m) is applicable to actions pending before June 1, 1995. See Order Adopting Local Rules of Practice and Establishing Effective Date (D.Nev. April 7, 1995)