76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph HUERTA, Plaintiff-Appellant,
v.
Donald D. ATKINSON, Sr., aka: Donald Dale Atkinson, Sr.;
Does 1-10, Defendants-Appellees.
 No. 94-56733.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Huerta appeals pro se the district court's dismissal of his action pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's order dismissing an action for lack of prosecution. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam) (internal citation and quotations omitted).
 
 
 4
 Huerta contends that he was denied due process because the district court abused its discretion by dismissing his case for failure to prosecute. This contention lacks merit.
 
 
 5
 Here, Huerta failed to appear at mandatory status conferences, failed to timely pay sanctions, failed to conduct discovery, failed to appear for trial, and failed to appear for a hearing regarding an order to show cause why the case should not be dismissed for failure to prosecute. The district court gave Huerta numerous opportunities to prosecute his case, including three continuances of the mandatory status conference and a telephonic conference when Huerta failed to appear. The district court warned Huerta that his case might be dismissed for lack of prosecution and scheduled a hearing on the matter. Moreover, the district court explicitly considered the five factors in its order dismissing Huerta's action. Cf. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988) (holding that the district court must explicitly consider the five factors). Accordingly, the district court did not abuse its discretion by dismissing Huerta's action for lack of prosecution. See West Coast Theater Corp., 897 F.2d at 1523.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Huerta's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3