89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Charles BRIGIDA, aka: Steven C. Brigida, Petitioner-Appellant,
v.
Otis THURMAN, Warden, California State Department of
Corrections; D.B. Anderson; Tagnipez; Selle,
Respondents-Appellees.
 No. 95-56472.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Steven Charles Brigida appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. § 1983 for failure to obey court orders requiring him to file an amended complaint. We review for abuse of discretion the district court's dismissal for failure to prosecute. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 The district court dismissed Brigida's First Amended complaint with leave to amend because it determined that Brigida: (1) sought damages against California employees acting in their official capacity, and (2) used fictitious "doe" defendants in his complaint. Appellant failed to file an amended complaint and the district court dismissed the action without prejudice.
 
 
 4
 Brigida submitted two documents entitled "First Amended Complaint." The first document is a standard form complaint. The second document, which Brigida appears to have attached as an addendum to question 3, contains a caption which unambiguously states that Brigida is seeking damages against the named defendants in their individual capacity. Because a pro se complaint should be liberally construed, the district court abused its discretion by dismissing appellant's complaint. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988). Further, the district court abused its discretion by dismissing appellant's complaint for the use of "doe" defendants. See Gillespie v. Civiletti, 629 F.2d 637, 642-43 (9th Cir.1980). Accordingly, we vacate and remand this matter for further proceedings.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3