122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Scott HARTLINE, Plaintiff-Appellant,
v.
PIMA COUNTY SHERIFF'S DEPARTMENT; Pima County Jail,
Defendants-Appellees.
 No. 97-15112.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 Appeal from the United States District Court for the District of Arizona. Richard M. Bilby, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arizona state prisoner John Scott Hartline appeals pro se the denial of his motion for reconsideration of the district court's dismissal without prejudice of Hartline's 42 U.S.C. § 1983 action for failing to comply with an order requiring him to notify the court of all address changes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, see Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991), and we affirm.
 
 
 3
 Here, Hartline acknowledges that he received the district court's orders instructing him to notify the court immediately of all address changes and warning him that his failure to comply could result in the dismissal of his action. Hartline maintains, however, that he could not notify the district court from January 1996 until April 1996 with his new address because prison officials withheld his legal materials during a prison transfer. He contends that prison officials caused his delay in notifying the district court of his new address and that the district court should have contacted him before it dismissed his case. Hartline seeks reinstatement of his action.
 
 
 4
 We reject Hartline's request because we conclude that he has failed to demonstrate a sufficient basis warranting relief from the district court's order denying his motion for reconsideration. See id. at 1442. Hartline knew that he had an obligation to keep the district court apprised of all address changes. Yet, during the time that prison officials allegedly withheld his legal materials, Hartline never attempted to notify the district court of his situation. Nor did Hartline allege that prison officials prevented him from attempting to contact the district court. In sum, Hartline simply failed to meet his "burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir.1988) (per curiam). Accordingly, we conclude that the district court properly denied Hartline's motion for reconsideration. See Fuller, 950 F.2d at 1442; Backlund v. Barnhart, 778 F.2d 1386, 1338 (9th Cir.1985).
 
 
 5
 AFFIRMED.
 
 
 
 **
 Because the panel unanimously finds this case suitable for decision without oral argument, we deny Hartline's request for oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3