NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 31 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK STEVEN SOKOLSKY,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>DANIEL MEEKS; et al.,<br><br>    Defendants-Appellees. | No. 18-15305<br><br>D.C. No.<br>1:13-cv-02044-LJO-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted November 15, 2019[**]
San Francisco, California

Before: WARDLAW, W. FLETCHER, and LINN,[***] Circuit Judges.

Mark Sokolsky appeals from the district court's order dismissing this case

without prejudice. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

1. We may consider Sokolsky's claim that the district court abused its discretion in dismissing Sokolsky's case. Although we "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in [the] appellant's opening brief . . . we may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party." *Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir. 2003) (quoting *United States v. Ullah*, 976 F.3d 509, 514 (9th Cir. 1992)). Although Sokolsky's brief includes just a single sentence suggesting the district court abused its discretion, Defendant-Appellees do not assert prejudice here—nor could they—given that they fully briefed the merits of Sokolsky's challenge to the district court's order.

2. The district court properly applied our traditional five-factor test in dismissing Sokolsky's case for failure to comply with the court's order requiring him to respond to the Defendant-Appellees motion for summary judgment. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Given that at least four factors favor dismissal, we do not find the district court abused its discretion here. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999). First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Id.* at 990. Second, the district court dedicated "large amounts of the court's valuable time [to Sokolsky's case] that it could have devoted to other major and serious criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258,

1261 (9th Cir. 1992). Third, there is a risk of prejudice from further delay to the Defendant-Appellees. *Pagtalunan*, 291 F.3d at 642–43. Finally, it is hard to imagine a "less drastic sanction [than dismissal without prejudice] that was available to the district court." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

3. The district court did not deny Sokolsky his right to counsel. Rather, the district court repeatedly advised Sokolsky and his counsel as to how his counsel could properly appear in the case. Yet, neither Sokolsky nor his counsel followed the court's simple directions. Thus, the district court acted fully within its discretion by striking Sokolsky's attorney's filings. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1547 (9th Cir. 1988). Furthermore, no evidence supports Sokolsky's assertion that the district court acted in a biased manner in this case.

4. We deny Sokolsky's motion for temporary and permanent injunctive relief. [1]

**AFFIRMED.**

---

[1] Sokolsky's motion for temporary and permanent injunctive relief refers to events that are alleged to have occurred after the instant appeal was filed. Dkt. 33, 35. Because Sokolsky has not demonstrated that the district court denied his application or otherwise explained why it would be impractical to raise these new claims first in the district court, we deny the motion. Fed. R. App. P. 8(a)(2)(A).