Michael T. **PORTER**, Plaintiff–Appellant,

v.

Deputy **MARTINEZ**, Deputy Rivera, Deputy Ruben, Deputy Morales, Deputy Smith, Defendants–Appellees.

No. 90–56353.

United States Court of Appeals, Ninth Circuit.

Submitted July 23, 1991.*

Memorandum Filed July 26, 1991.

Order and Opinion Filed Aug. 12, 1991.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Cir.R. 34–4. Accordingly, Porter's motion for oral argument is denied.

Kathleen K. Johnson, Hollywood, Cal., for plaintiff-appellant.

Douglas J. Collodel and Steven D. Manning, Morris, Polich & Purdy, Los Angeles, Cal., for defendants-appellees.

Before PREGERSON, NELSON and REINHARDT, Circuit Judges.

### ORDER

The memorandum disposition filed July 26, 1991, is redesignated as a per curiam opinion.

### OPINION

PER CURIAM:

Michael T. Porter, a former California state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to Fed.R.Civ.P. 37(b) & (d) for failure to comply with discovery orders.[1] We review the imposition of discovery sanctions under Rule 37 for an abuse of discretion, *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985), and we vacate and remand.

Dismissal under Rule 37(b) is appropriate only for failure to comply with a court order compelling discovery. Fed.

R.Civ.P. 37(b); *see Fjelstad*, 762 F.2d at 1339. Rule 37(d) provides that

[if] a party fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve written response to a request for inspection submitted under Rule 34, after proper service of the request, the court ... may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

A district court has the discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655–56 (9th Cir. 1990) (citing *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 656 (quoting *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987), *cert. denied*, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988)).

Here, the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the prejudice to the defendants from Porter's failure to fully comply with discovery all support the district court's order of dismissal. *See id.* Nevertheless, Porter, who is homeless, indigent, and severely handicapped, attempted to comply with massive discovery requests by the defendants by attending depositions and medical exams and re-

---

37, Porter obtained counsel, who filed objections on his behalf and who is representing him on appeal.

sponding to interrogatories. His failure to fully comply with the discovery orders, although deficient, does not rise to the level of "flagrant, bad faith." *See id.* Moreover, the public's interest favoring disposition of cases on their merits weighs against dismissal. *See id.* Finally, although the district court found that monetary sanctions would be ineffective because Porter is indigent, sanctions less drastic than dismissal are available. *See id.* After the magistrate recommended dismissal based on the discovery violations, Porter, who was pro se, obtained counsel. With the assistance of counsel, Porter presumably will be able to respond fully to those of the defendants' discovery requests to which he is required to respond. Thus, the district court should have imposed a sanction less drastic than dismissal by allowing Porter the opportunity to comply with discovery requests with the assistance of counsel and warning him that failure to comply would result in dismissal. Accordingly, given these circumstances, we vacate the district court's order of dismissal.[2]

VACATED AND REMANDED.

---

**2.** We note, in addition, that judging from the nature of the case and the volume of the discovery requests, it may well be that the defendants are themselves abusing the discovery process. The appellees' motion to correct their brief is granted.