978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delilah SULLIVAN, Plaintiff-Appellant,
v.
CONOCO, INC., a Corporation, Defendant-Appellee.
 No. 91-35741.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1992.*
Decided Oct. 30, 1992.
As Amended Dec. 16, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delilah Sullivan ("Sullivan") appeals pro se the dismissal of her complaint with prejudice for failure to comply with a court order compelling discovery pursuant to Fed.R.Civ.P. 37(b)(2)(C).
 
 
 3
 Sullivan began working for Conoco in May 1986. In October 1988 she began work as a Boiler Fireman Helper, working with Conoco employee Steven Footit. She had problems working with Mr. Footit, and was eventually demoted. In March 1989 she began treatment with a psychiatrist, and took sick leave. In November 1989 Conoco terminated her, citing her poor medical prognosis and inability to return to work for at least one year.
 
 
 4
 Sullivan filed complaints against Conoco with the Montana Human Rights Commission and the Equal Employment Opportunity Commission in April 1989 charging race and sex discrimination. The Montana Human Rights Commission investigated and found reasonable cause for her complaint of sex discrimination. Both agencies issued right to sue letters and Sullivan filed her complaint in district court on July 25, 1990, alleging discrimination and harassment in violation of state law and 42 U.S.C. § 2000e-2.
 
 
 5
 Conoco moved for dismissal with prejudice pursuant to Fed.R.Civ.P. 37, based on Sullivan's failure to produce certain audiotapes she claimed to have made of conversations with a Conoco employee and a former employee. The court held that dismissal with prejudice was proper because Sullivan had made "[c]ontradictory representations [which] are nothing more than a flagrant, willful abuse of the discovery process."
 
 
 6
 We have jurisdiction pursuant to 28 U.S.C. § 1291. A district court has the discretion to impose the sanction of dismissal when there is a flagrant, bad faith disregard of discovery duties, and a failure to comply with a court order compelling discovery. Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (per curiam).
 
 
 7
 The district court reviewed the record and found that Sullivan made contradictory representations regarding her possession of the tapes in controversy. It first cited a letter from Sullivan to a union official referring to the tapes. However, this letter was not made under oath or as part of discovery. The trial court could not rely upon it as a ground for dismissal without further evidence of misconduct or abuse of discovery.
 
 
 8
 On September 21, 1990, plaintiff signed an answer to interrogatory/request for production, which asked if she was aware of the existence of written or recorded information relevant to the issues in the case. Sullivan's answer was as follows:
 
 
 9
 ANSWER: Ms. Sullivan believes that Conoco and the union representing Conoco employees have relevant documents in their possession. Hopefully, these will be produced in future discovery. To the extend these documents are relevant, Ms. Sullivan my use them at trial.
 
 
 10
 Request for Production No. 9: If your answer to Interrogatory No. 13 is in the affirmative, please produce for inspection and copying all of said written and/or recorded information.
 
 
 11
 RESPONSE: Ms. Sullivan does not currently have these documents.
 
 
 12
 On November 14, 1990, Sullivan was deposed. She began to describe tape recordings she had made of statements by a former supervisor and a former employee. The deposition was cut short at her request because she was unable to continue.
 
 
 13
 Sullivan's health improved so that her deposition was rescheduled for April 3, on the eve of discovery cut-off. At the deposition she described the contents of the recordings. She alleged that a Conoco supervisor told her that he would take the side of Footit rather than Sullivan even if Footit was wrong. Sullivan testified that she also recorded a former Conoco female employee who initially spoke of similar unfair treatment received at Conoco, but then declined to get involved.
 
 
 14
 Conoco had subpoenaed the tapes but Sullivan did not bring them to the deposition. Instead, Sullivan testified that she had given the tapes to a friend, Terry Karr, shortly after she recorded them in early 1989. She reported that she did not know the current location of the tapes, but believed that Karr had sent at least one of them to an attorney in San Francisco for review.
 
 
 15
 On April 11, 1991, the court ordered Sullivan to produce the tapes or show cause why she could not. Sullivan submitted an affidavit saying that she was not in possession of the tapes, which had been destroyed in July 1990. The district court concluded that Sullivan's conduct and subsequent failure to produce the tapes constituted a flagrant disregard for the discovery process meriting dismissal with prejudice. We believe the record contains mitigating evidence that make dismissal with prejudice an excessive response.
 
 
 16
 First, Sullivan's mental state in the fall of 1990 raises serious doubts about whether her conduct then was willful. Sullivan began seeing a psychiatrist in March 1989 complaining of depression stemming from her work situation. She claims to have been diagnosed as suffering from Depressive Neurosis and Panic Disorder with Agoraphobia. The doctor prescribed Triavil, a mood elevator, and began psychotherapy sessions with her. She was still taking Triavil at the time of her deposition in April 1991.
 
 
 17
 Dr. Chemodurow testified in his deposition that various events occurred in 1989 and 1990 which continued to aggravate Sullivan's anxiety and impede her recovery. She was involved in a bankruptcy case. She was attempting to get disability payments and workers' compensation. Her son was removed from her home for one month while she was investigated for child abuse. She was indicted in May 1990. While her employer did not directly produce the chaos in her personal life, her mental condition made it unlikely that her litigation strategy included the element of willfulness.
 
 
 18
 In February 1990 a psychologist interviewed Sullivan when she applied for disability benefits. That examiner diagnosed a "Major Depression, Severe, without psychotic features and Panic Disorder with Agoraphobia." Sullivan continued to receive disability payments for her mental disability at least through April 1991.
 
 
 19
 In the fall of 1990, Sullivan was examined to determine her competency, apparently in relationship to her criminal case. A psychiatrist and psychologist were unable to complete their examinations due to Sullivan's unresponsiveness, and recommended a 30-day inpatient examination at a federal facility. This recommendation was apparently never followed.
 
 
 20
 Willfulness requires "disobedient conduct not shown to be outside the control of the litigant." Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir.1985). We question whether the willfulness standard was properly applied to Sullivan's conduct, given her mental state in 1990. The trial court was justifiably displeased, but dismissal was a more drastic response than the situation called for.
 
 
 21
 We weigh five factors in determining whether dismissal is warranted. Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Because the district court did not explicitly consider all of these five factors, we review the record independently to determine whether the dismissal constituted an abuse of discretion. Id.
 
 
 22
 The first two factors, the public interest in expeditious resolution of the litigation and the trial court's interest in docket control, focus on delay. See id. at 131. Sullivan's belated acknowledgment in April 1991, shortly after her deposition, that she did not have the tapes did not delay the proceedings significantly. The third factor, public policy favoring disposition of cases on their merits, militates in favor of sanctions less severe than dismissal.
 
 
 23
 The fourth factor, prejudice to defendant, is an optional consideration. See Halaco Engineering Co. v. Costle, 843 F.2d 376, 382 (9th Cir.1988). Prejudice depends upon whether Sullivan's actions impaired Conoco's ability to go to trial or threatened to interfere with a rightful decision in the case. Malone, 833 F.2d at 131. Conoco's prejudice argument was based on the supposition that Sullivan purposively destroyed the tapes because they were harmful to her case, thereby depriving Conoco of valuable evidence. The district court agreed.
 
 
 24
 There was no evidence that Sullivan destroyed the tapes, and the only testimony on their contents came from Sullivan herself. Thus the court assumed too much when it found that the tapes would have helped Conoco.
 
 
 25
 We have no doubt that Conoco did suffer some prejudice. Sullivan did not indicate that the tapes were no longer available until approximately ten days after her April deposition, and then under compulsion. These were adequate grounds to question her attorney's performance in this case, but dismissal was an overreaction.
 
 
 26
 For the fifth factor, consideration of alternative sanctions, we look at whether the district court implemented alternative sanctions or explained why they were inadequate, and warned plaintiff of the possibility of dismissal. Malone, 833 F.2d at 132. The district court complied with the warning requirement, but considered the situation so egregious that no lesser sanctions were possible. Its statement was an insufficient consideration of lesser sanctions. See Halaco, 843 F.2d at 381.
 
 
 27
 In summary, we hold that dismissal with prejudice was too harsh a remedy for Sullivan's conduct. She did not violate the court order because she explained why she was unable to produce the tapes. Her inconsistent references to the tapes and her belated admission that they were no longer in existence, though exhibiting a lax attitude towards discovery, do not warrant dismissal with prejudice. Cf. Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Investment Corp., 711 F.2d 902, 904-06 (9th Cir.1983) (dismissal after failure to produce documents for four months after court order); United States v. Sumitomo Marine & Fire Insurance, 617 F.2d 1365, 1367-68, 1370 (9th Cir.1980) (dismissal after eighteen months of delay and failures to comply with court ordered discovery); G-K Properties v. Redevelopment Agency, 577 F.2d 645, 647 (9th Cir.1978) (dismissal after failure to produce documents over four month period despite several court orders).
 
 
 28
 We vacate the dismissal with prejudice and remand the case to the district court with instructions to reinstate the case for a period of sixty days in which the plaintiff may obtain new counsel and proceed to a status conference, a pretrial order, or such motions as may be appropriate.
 
 
 29
 If, at the end of sixty days from the date of the mandate, the plaintiff has failed to move to reinstate her complaint or otherwise fails to respond to orders of the court issued in order to move the case toward trial, the court may dismiss the case for want of prosecution.
 
 
 30
 The district court should consider sanctions against counsel. If any of the plaintiff's allegations are true, an officer of the court has shamefully abandoned a sick client. If her complaints against counsel are even partially true, he owes the court and client an explanation of his abandonment of her case and should show cause why strong discipline should not be invoked.
 
 
 31
 THE DISMISSAL WITH PREJUDICE IS VACATED AND THE CAUSE IS REMANDED FOR THE COURT TO GRANT THE PLAINTIFF A REASONABLE OPPORTUNITY TO REHABILITATE HER CASE. NEITHER PARTY TO RECOVER COSTS IN THIS COURT.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the briefs and record pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3