990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James REYER, Plaintiff-Appellant,
v.
William G. TODD, et al.; City of Santa Rosa; Willard Lien
Service, Defendants-Appellees.
 No. 92-16471.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 1, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Reyer, an attorney, appeals pro se the district court's dismissal of Reyer's action for lack of prosecution and for failure to comply with discovery orders pursuant to Fed.R.Civ.P. 37 and 41. Reyer sought compensatory damages and injunctive relief in connection with the towing of his automobile. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's dismissal of an action under Rule 37 or 41 for abuse of discretion. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). We affirm.
 
 
 3
 A district court may dismiss an action for a plaintiff's failure to prosecute, see Fed.R.Civ.P. 41(b), or as a sanction for a plaintiff's failure to comply with discovery, see Fed.R.Civ.P. 37(b). We will not disturb the district court's dismissal sanction unless we have "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Malone, 833 F.2d at 130. Nevertheless, where the district court imposes the "drastic sanction[ ] of dismissal ..., the range of [the court's] discretion is narrowed and the losing party's non-compliance [with a court order] must be due to willfulness, fault, or bad faith." Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir.1985) (quotations omitted). " '[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir.1993) (quoting Fjelstad, 762 F.2d at 1341).
 
 
 4
 "Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [defendants]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (quotations omitted). The court weighs the same five factors in determining whether to dismiss an action for lack of prosecution. See Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988). "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).
 
 
 5
 Here, the five factors support dismissal of Reyer's action. Reyer failed to appear at his deposition and to produce certain documents despite a district court order instructing him to do so. The order specifically warned Reyer that failure to comply would result in dismissal of his action "for lack of prosecution and cooperation with the Court." Thus, Reyer was aware of the consequences of failing to comply with the court's order. See Malone, 833 F.2d at 132 (warning satisfies district court's duty to explore less drastic sanctions). Further, Reyer's failure to comply with discovery orders prejudiced the defendants. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990) ("[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial"), cert. denied, 111 S.Ct. 1019 (1991). Moreover, the record shows repeated delays throughout the action. Thus, the district court's need to manage its docket and the public's interest in expeditious resolution of litigation weigh in favor of dismissal. See Porter, 941 F.2d at 733; see also Carey, 856 F.2d at 1440. Under these circumstances, the district court did not abuse its discretion by dismissing Reyer's action. See Malone, 833 F.2d at 130.
 
 
 6
 We find no merit in Reyer's remaining arguments. First, Reyer's prior appeals in this action, which we dismissed for lack of jurisdiction, did not divest the district court of its jurisdiction over the action. Second, the district court did not abuse its discretion by consolidating Reyer's two actions. Accord Garber v. Randell, 477 F.2d 711, 714 (2d Cir.1973) (consolidation orders reviewed for abuse of discretion). Moreover, the district court's order instructing Reyer to appear for his deposition put Reyer on notice that the threatened dismissal would affect the consolidated action. Third, the district court has the inherent power to dismiss an action sua sponte. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). Fourth, Reyer's arguments regarding Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982), are inapposite. Finally, Reyer has failed to support his allegation that the district court judge lacked independence and neutrality and has failed to establish any prejudice resulting from the alleged bias. We find no indication of impartiality on the party of the district court judge. Therefore, we reject Reyer's contention that his Fifth Amendment right to due process was violated. See Robinson v. United States, 401 F.2d 248, 252 (9th Cir.1968); see also United States v. Bennnett, 702 F.2d 833, 836 (9th Cir.1983) (judgment will be overturned only where judicial conduct was "clearly prejudicial").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Reyer's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3