996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Edward R. FITZSIMMONS, Debtor.
Edward R. FITZSIMMONS, Plaintiff-Appellant,
v.
Marie NOLDEN, Trustee, et al., Defendant-Appellee.
 No. 92-16781.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 20, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Fitzsimmons appeals the district court's order affirming the bankruptcy court's denial of Fitzsimmons's motion to set aside the dismissal of his adversary proceeding. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the denial of a motion for relief from judgment for abuse of discretion. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). We affirm.
 
 
 3
 * Background
 
 
 4
 Fitzsimmons is a debtor in a Chapter 7 bankruptcy proceeding. In January 1991, he filed an adversary proceeding against Nolden, the trustee in bankruptcy, alleging that Nolden had been negligent in handling Fitzsimmons's bankruptcy case. On April 26, 1991, the Bankruptcy Court issued a scheduling order prepared by Fitzsimmons's attorney of record.[1] The order scheduled both the discovery cut-off and the status conference for September 9, 1991. Nolden appeared at the status conference, but Fitzsimmons did not. Fitzsimmons contends he received no notice of the status conference, even though his attorney of record prepared the order.
 
 
 5
 On September 10, 1991, the bankruptcy court issued a scheduling order setting the trial brief due date as November 20, 1991 and the trial date as November 27, 1991. The order was served on Fitzsimmons. On November 20, 1991, Nolden filed her trial brief and served copies of the brief on Fitzsimmons. Fitzsimmons did not file a trial brief. On November 27, 1991, Nolden and her counsel appeared for trial with witnesses and exhibits, but Fitzsimmons failed to appear. On November 29, 1991, the bankruptcy court sent Fitzsimmons a copy of its proposed order of dismissal, which was filed on December 9, 1991.
 
 
 6
 On December 3, 1991, Fitzsimmons filed a "motion to set aside default." On January 14, 1992, the bankruptcy court denied the motion. On January 22, 1992, Fitzsimmons appealed the bankruptcy court's denial of the motion to set aside dismissal. On September 4, 1992, the district court dismissed Fitzsimmons's appeal. On October 5, 1992, Fitzsimmons filed a timely notice of appeal from the district court's order.
 
 II
 Merits
 
 7
 Fitzsimmons contends the bankruptcy court abused its discretion by dismissing Fitzsimmons's adversary proceeding. In particular, Fitzsimmons contends the bankruptcy court's failure to consider alternative sanctions prior to ordering the action dismissed constituted abuse of discretion. This contention lacks merit.
 
 
 8
 Where an appellant appeals from a denial of a motion to set aside a judgment, an appellant must show that denial of his or her motion was "sufficiently unwarranted as to amount to an abuse of discretion." Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir.1982).
 
 
 9
 A court may impose sanctions, including dismissal, in exercise of its discretion. Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir.1992). We will not disturb a court's dismissal sanction unless we have "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Malone v. United States, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Nevertheless, dismissal should be imposed as a sanction only in extreme circumstances. Oliva, 958 F.2d at 273.
 
 
 10
 "Because the sanction of dismissal is such a harsh penalty, [courts] must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [defendants]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (quotations omitted). Because the bankruptcy court did not explicitly consider the five factors, we must review the record independently, as the district court did, to determine whether the bankruptcy court abused its discretion by dismissing Fitzsimmons's action. See Malone, 833 F.2d at 130.
 
 
 11
 Our review of the record in light of the five factors leads us to conclude that dismissal was not beyond the acceptable range of sanctions. The bankruptcy court's need to manage its docket and the public's interest in expeditious resolution of litigation weigh in favor of dismissal. See Porter, 941 F.2d at 733. Nolden prepared for and appeared at trial with her counsel, witnesses, and exhibits. Thus, Fitzsimmons's failure to appear at trial prejudiced Nolden and wasted the time and resources of both Nolden and the bankruptcy court. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990) ("[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial"), cert. denied, 111 S.Ct. 1019 (1991). Public policy favors disposition on the merits and thus weighs against dismissal. See Porter, 941 F.2d at 733.
 
 
 12
 We now evaluate the fifth factor. The bankruptcy court did not explicitly consider less drastic alternatives prior to dismissing the action. We prefer "explicit discussion by the [trial] court of the feasibility of alternatives when ordering dismissal." Malone, 833 F.2d at 132. Nevertheless, "we have never held that explicit discussion of alternatives is necessary for an order of dismissal to be upheld." Id. Where there is egregious conduct by a plaintiff, a discussion of alternatives is unnecessary. Id. Fitzsimmons failed to attend a status conference, failed to file a trial brief, and failed to appear at trial. As the district court properly found, Fitzsimmons's actions constituted egregious conduct. Fitzsimmons "can hardly be surprised by a harsh sanction" in response to his failure to appear at trial, especially in light of his previous career as an attorney. See Malone, 833 F.2d at 133.
 
 
 13
 Under the circumstances of this case, we conclude that the bankruptcy court did not abuse its discretion by denying Fitzsimmons's motion to set aside the dismissal of his adversary proceeding.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Following the order, Fitzsimmons's counsel withdrew, and Fitzsimmons, formerly an attorney, proceeded pro se until he retained counsel for this appeal