**UNITED STATES of America FOR the USE AND BENEFIT OF P.W. BERRY COMPANY, INC., an Oregon corporation, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, a New York corporation; General Electric Government Engineering & Management Services, a New York corporation; and Federal Insurance Company, an Indiana corporation, Defendants.**

**Civ. No. 93–1526–FR.**

United States District Court,
D. Oregon.

Oct. 20, 1994.

Thomas J. Murphy, Furrer & Scott, Tigard, OR, for P.W. Berry Co., Inc.

Garr M. King and Susan E. Watts, Kennedy, King & Zimmer, Portland, OR, for defendants.

### OPINION

FRYE, District Judge:

The matters before the court are: (1) the motion of the defendants, General Electric

Company (GE), General Electric Government Engineering & Management Services, and Federal Insurance Company, to dismiss the plaintiff's complaint for failure to comply with this court's discovery order entered on May 31, 1994 (# 41); and (2) the motion of the plaintiff, the United States of America for the use and benefit of P.W. Berry Company, Inc. (Berry), for a protective order (# 48).

## CONTENTIONS OF THE PARTIES

The defendants contend that, under Rule 37(b)(2) of the Federal Rules of Civil Procedure, this court should dismiss Berry's complaint for its failure to comply with the discovery order entered on May 31, 1994. The defendants maintain that, under the reasoning in *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948–49 (9th Cir.1993), Berry's failure to respond to discovery requests is willful disobedience of a court order and bad faith because the only excuse it has proffered is that its chief officer has been out of state. The defendants maintain that they have been prejudiced because:

> [Berry] has refused to supply discovery responses in regard to interrogatories which concern over $700,000 worth of [its] claim. In the absence of this information, defendants will be unable to adequately present a defense in this action. Given the level of potential prejudice to defendants, a dismissal of [Berry's] complaint is an appropriate sanction.

Memorandum of Law in Support of Defendants' Motion to Dismiss, p. 6.

Berry acknowledges that its responses to the defendants' interrogatories did not include "a recapitulation of those portions of its claim identified as Invoice No. 000453 and Invoice No. 000544." Use Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss Complaint, p. 2. However, Berry maintains that it did respond "fully and to the best of its ability" with regard to the other twenty-three invoices that comprise the remainder of its claims against the defendants and the defendants' nine other interrogatories. *Id.* Berry maintains that its failure to comply fully with the court's discovery order was not willful or in bad faith

and that a lesser sanction than dismissal is warranted because the defendants have not been irreparably prejudiced. Berry maintains that a ten-day deadline for compliance with Interrogatory No. 3 regarding Invoice Nos. 000453 and 000544, with dismissal of the complaint as a sanction for non-compliance, an award of reasonable attorney fees incurred by the defendants in filing the present motion, and an extension of the deadlines for completing discovery and the lodging of the pretrial order are appropriate sanctions that would alleviate any prejudice to the defendants. *Id.* at 3.

With regard to its motion for a protective order, Berry maintains that the personal financial records of its chief executive officer, Paul W. Berry, are not relevant to the claims at issue, which involve only whether GE owes additional compensation to it for work performed in accordance with the 1991 contract and for work allegedly performed outside the scope of that contract. In addition, Berry maintains that its financial records, apart from its expenditures under the contract and the record of payments made by GE, are not a proper subject for discovery because its current or past financial condition is not relevant to the issues in this case.

In response to Berry's motion for a protective order, the defendants have withdrawn Requests No. 1 and 3 of their Second Request for Production of Documents for the personal financial records of Berry's president, Paul W. Berry, but contend that the remaining documents they have requested are directly relevant to Berry's claims, as well as the method by which Berry seeks to prove its claims. The defendants maintain that:

> One of the essential elements of [Berry's] claim is that [it] performed extra work beyond the scope of the original contract between [it] and [GE]. The president of [Berry] testified in his deposition that the corporation had between $400,000 and $500,000 of operating capital in cash prior to the commencement of the contract between [Berry] and [GE] (Berry Deposition, p. 95). Mr. Berry further testified in his deposition that, at the completion of the project, [Berry] had zero cash and was in

debt approximately $300,000 (Berry Deposition, pp. 96–97).

What [Berry] is essentially asserting is that [it] must have performed work beyond the scope of the contract because [it] experienced such a negative financial impact from the project. [Berry] assumes that if it had performed only work within the scope of the contract, [it] would have completed the project in the same or better financial condition than when it started. Given this assertion, [Berry's] tax returns, financial statements, records of debts and liabilities, records of loans and other contracts become relevant.

Defendants' Response to Plaintiff's Motion for Protective Order, p. 2.

## APPLICABLE LAW

1. *Failure to Comply with a Court's Discovery Order*

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in part:

> If a party ... fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> . . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In *Henry v. Gill Indus., Inc.*, 983 F.2d 943 (9th Cir.1993), the court explained that:

> "Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions."

*Id.* at 948 (quoting *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir.1991) (citation omitted) and *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir.1990)).

2. *Protective Orders*

Under Rule 26(c) of the Federal Rules of Civil Procedure, which governs the issuance of protective orders, the court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (1) that the disclosure or discovery not be had."

## ANALYSIS AND RULING

1. *Defendants' Motion to Dismiss Plaintiff's Complaint*

■ The key factors of prejudice and the availability of lesser sanctions do not weigh in favor of dismissal. In its response to Defendants' First Set of Interrogatories, Berry explained:

> In regard to work beyond the original scope of [Berry's] contract [with GE], [Berry's] charges were billed to GE by periodic invoices issued after completion of the subject work. *Each invoice included a full itemization of all labor included in the claim for compensation in excess of the contract amount, including the date, location, nature and hours worked for all labor performed by [Berry's] employees*

*and subcontractors. These invoices and itemizations were provided to GE prior to the commencement of this litigation.* Copies of all but two of the subject invoices (with itemizations attached) accompany this response. The omitted invoices (No. 000453 and No. 000544) are presently being reviewed in detail, so that a full allocation of their charges can be provided and discrepancies recently noted can be resolved.... As soon as the recapitulation of those invoices is complete, this response will be supplemented.

Exhibit 8 to Defendants' Motion to Dismiss, pp. 2–3 (emphasis added).

The defendants do not dispute that GE was provided a copy of the invoices before this lawsuit was filed. Accordingly, the defendants are aware of the facts underlying Berry's claim for additional compensation. Indeed, Berry asserts that it did not comply promptly with the discovery requests of the defendants because it wanted to address the discrepancies in the invoices that the defendants identified during settlement negotiations for the present dispute. *See* Affidavit of Thomas J. Murphy in Opposition to Defendants' Motion to Dismiss Complaint, p. 5. Berry has provided the requested documentation under Invoice No. 000544, and it represents to the court that it will be able to produce the requested documentation for Invoice No. 000453 within ten days of this court's ruling on defendants' motion. *Id.*

In light of the above considerations, the court concludes that dismissal is too severe a sanction for Berry's failure to comply fully with the court's discovery order of May 31, 1994. However, the court will order Berry to provide the requested documentation regarding Invoice No. 000453 within fifteen days of the date of this order or the court will exercise its discretionary authority under Rule 37(b)(2) to dismiss the part of Berry's complaint regarding Invoice No. 000453.

2. *Berry's Motion for a Protective Order*

■ In their Second Request for Production of Documents, the defendants request Berry's corporate tax returns and financial statements for the years 1989 through 1993; the individual tax returns and financial statements of Paul W. Berry for the last five years; all records evidencing Berry's debts and liabilities from the years 1990 through 1993; all records pertaining to the amount borrowed by Berry from lending institutions from 1990 through 1993; and copies of all of Berry's construction contracts from 1990 through 1993. Exhibit 1 to Use Plaintiff's Motion for Protective Order, p. 2. Defendants agree that the individual financial records of Paul W. Berry are not relevant to this dispute and have withdrawn Requests No. 1 and 3 of their Second Request for Production of Documents. Defendants' Response to Plaintiff's Motion for Protective Order, pp. 1–2. The defendants' argument that their remaining requests seek documents that are relevant because of the method by which Berry plans to prove its claims is unpersuasive. The issues presented by Berry's complaint are whether GE has fully compensated it for the work it performed in accordance with their contract and whether it is entitled to additional compensation for the work it allegedly performed outside the scope of the original contract. Berry's financial condition from the years 1989 through 1993 is not relevant to those issues, and information regarding its financial condition is not reasonably calculated to lead to admissible evidence. Fed.R.Civ.P. 26(b)(1). The motion of Berry for a protective order regarding Requests No. 2, 4, 5, 6 and 9 of Defendants' Second Request for Production of Documents is granted.

## CONCLUSION

The motion of the defendants to dismiss Berry's complaint for the failure of Berry to comply with the discovery order of the court entered May 31, 1994 (# 41) is DENIED. Berry is directed to produce the requested documentation regarding Invoice No. 000453 within fifteen (15) days of the date of this opinion and the order based thereon. The court will dismiss the part of Berry's complaint regarding Invoice No. 000453 if it does not comply with this discovery order.

The motion of Berry for a protective order regarding Requests No. 1 and 3 of Defendants' Second Request for Production of Documents (# 48) is deemed MOOT. The

motion of Berry for a protective order regarding Requests No. 2, 4, 5, 6 and 9 of Defendants' Second Request for Production of Documents (# 48) is GRANTED. Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, the court hereby awards the defendants their reasonable attorney fees caused by the failure of Berry to comply fully with this court's discovery order of May 31, 1994.