116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James R. JACKSON, Plaintiff-Appellant,
v.
UNITED STATES of America; Unknown Shandor, Officer;
Unknown Hassin, Officer, Defendants-Appellees.
 No. 95-56776.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-02256-IH; Irving Hill, District Judge, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James R. Jackson, a Federal prisoner, appeals pro se the district court's dismissal as a sanction for failure to comply with discovery pursuant to Fed.R.Civ.P. 37(d) of his Bivens action[1] alleging violations of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal under Rule 37(d), see Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (per curiam), and we affirm.
 
 
 3
 "A district court has the discretion to impose the extreme sanction of dismissal if there has been 'flagrant, bad faith disregard of discovery duties.' " Id. (quoting Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir.1990)).
 
 
 4
 Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."
 
 
 5
 Id. (quoting Wanderer, 910 F.2d at 656; brackets in original).
 
 
 6
 Because Jackson was warned on two occasions that failure to participate in his deposition would result in dismissal of his action, and he continually refused to participate, we conclude that the district court did not abuse its discretion by dismissing Jackson's action pursuant to Rule 37. See id. at 733-34; Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir.1992).
 
 
 7
 Given our disposition of the discovery sanctions issue, we need not consider Jackson's remaining issues on appeal.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Jackson's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal