NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL FOLEY, | No. 20-17108 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00094-RFB-NJK |
| v. | |
| LOREA AROSTEGUI, Family Services Specialist; GEORGINA STUART, Family Services Specialist; DEBORAH CROWSHAW, Family Services Supervisor; LISA RUIZ-LEE, Family Services Director; COUNTY OF CLARK, NEVADA, Political Subdivision; COUNTY OF CLARK, NEVADA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Michael Foley appeals pro se from the district court's judgment dismissing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging that defendants retaliated against him and deprived him of due process by placing him on a child abuse registry. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's imposition of case terminating sanctions under Federal Rule of Civil Procedure 37. *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821 (9th Cir. 2019). We reverse and remand.

The district court dismissed Foley's action as a sanction after Foley failed to respond to outstanding discovery requests by the June 2019 deadline. However, Foley's counsel had withdrawn on May 30, 2019, and on June 21, 2019, Foley moved to keep discovery open pending an appearance by his new counsel. On July 1, 2019, Foley's new counsel entered an appearance and contacted defense counsel concerning outstanding discovery issues, but defense counsel did not agree to an extension and moved for terminating sanctions. Because Foley was represented by counsel and lesser sanctions were available, dismissal of the action was premature. *See Porter v. Martinez*, 941 F.2d 732, 733-34 (9th Cir. 1991) (concluding that lesser sanctions were available for a pro se litigant who had recently obtained counsel, and "[w]ith the assistance of counsel, [plaintiff] presumably [would] be able to respond fully to those of the defendants' discovery requests to which he [was] required"); *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1431 (9th Cir. 1990) ("[A] district court abuses its discretion if it imposes a

sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." (citations and internal quotation marks omitted)).

Because we reverse the dismissal of the action, we also reverse the district court's award of costs to defendants.

**REVERSED and REMANDED.**