61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Moshe PERELMAN, Plaintiff-Appellant,
v.
Steven JONES, Defendant-Appellee.
 No. 94-17148.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Moshe Perelman appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action seeking damages from his former wife and other defendants for violating his right to privacy and committing state law torts by entering his home and removing his belongings. Perelman contends the district court abused its discretion by dismissing the action when Perelman did not respond to a show cause order entered after he failed to appear for a court-ordered settlement conference. We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 A district court may dismiss an action for failure to comply with any order of the court. Fed. R. Civ. P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Id. at 1261. We will not disturb the district court's dismissal unless there is a definite and firm conviction that the district court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 4
 Here, Perelman failed to appear for a court ordered conference without seeking a continuance. A month later, after Perelman had been out of contact with the court for three months, the court dismissed Perelman's action because the court's show cause order was returned as undeliverable, and Perelman had failed to inform the court of his new address. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). In light of Perelman's failure to appear and failure to inform the court of his current address, the district court did not abuse its discretion by dismissing Perelman's action. See Ferdik, 963 F.2d at 1261-62.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3