CLD-107                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4585
_____

RHONDA MCLAREN,
                                                      Appellant

v.

NJ STATE DEPT. OF EDUCATION;
CWA UNION LOCAL 1033
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-3149)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 2, 2012

Before: RENDELL, HARDIMAN and VAN ANTWERPEN Circuit Judges

(Opinion filed: March 1, 2012)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Rhonda McLaren appeals the District Court's order dismissing

her complaint as a sanction for her failure to provide the Court with a valid mailing

address. For the reasons discussed below, we will summarily affirm the District Court's judgment.

McLaren instituted this action by filing a complaint and a request to proceed in forma pauperis (IFP) in the District Court on June 1, 2011. The complaint, which was largely conclusory, alleged that McLaren had been discriminated against at her job with the New Jersey Department of Education. She listed her address as 124 Pennington Avenue, Trenton, New Jersey.

The District Court granted McLaren's application to proceed IFP on June 3, 2011. The Court attempted to send McLaren a copy of this order; however, although the Court used the address provided by McLaren, the order was returned by the post office as undeliverable. A notification that the complaint had been received was similarly returned.

On November 17, 2011, the District Court entered a notice of call for dismissal pursuant to District of New Jersey Civil Rule 41.1, which provides that "[c]ivil cases . . . which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court . . . unless good cause is shown." The Court sent a copy of this document to McLaren at the Pennington Avenue address, and it was returned as undeliverable.

On December 5, 2011, the District Court dismissed the action without prejudice. The Court summarized the various documents that had been returned as undeliverable, noted that D.N.J. Civ. R. 10.1 requires litigants to apprise the Court of any address

2

change and provides that the failure to do so may result in the imposition of sanctions, and concluded that there was good cause to dismiss the complaint. McLaren, who had not taken any action in the District Court since filing her complaint, then filed a timely notice of appeal to this Court.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. See, e.g., Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004) ("a dismissal without prejudice [for failure to prosecute] that does not give leave to amend and closes the case is a final, appealable order under 28 U.S.C. § 1291"). We review the District Court's order for abuse of discretion. See Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007).

Typically, district courts are required to evaluate the factors set forth by Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), to determine whether dismissal is appropriate. However, when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary. See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994). We are satisfied that this is such a case. It was McLaren's duty to provide the Court with an up-to-date mailing address, see D.N.J. Civ. R. 10.1; see also Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005), and she failed to do so. As a consequence, while the District Court repeatedly sought to reach McLaren — once to warn her that dismissal was imminent after the case had lain dormant for more than five months — each mailing was returned as undeliverable. Thus, when faced with a case that was

3

languishing on its docket, the District Court had little choice as to how to proceed. For instance, although courts are normally required to consider whether a lesser sanction would be appropriate, "[t]he district court could not contact [the plaintiff] to threaten [her] with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Therefore, we conclude that the District Court did not abuse its discretion in dismissing the case as a sanction for McLaren's failure to provide the Court with an accurate mailing address. See id.[1]

Accordingly, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] This affirmance is without prejudice to McLaren's right to move the District Court for relief from the judgment pursuant to Fed. R. Civ. P. 60(b), should she have a basis to do so. See generally Standard Oil Co. v. United States, 429 U.S. 17, 17-19 (1976).