**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3091

_____

PAUL BISHOP,
                                        Appellant

v.

UNITED STATES DEPARTMENT OF AGRICULTURE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-15-cv-03658)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2016

Before:  FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed:  July 13, 2016)

_____

OPINION[*]

_____

PER CURIAM

    Appellant, Paul Bishop, appeals from the District Court's order dismissing his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

action.  We will vacate the District Court's judgment and remand the matter for further proceedings.

On June 1, 2015, Bishop, proceeding pro se, filed a motion to proceed in forma pauperis and a complaint against the United States Department of Agriculture alleging employment discrimination.  He listed his address as 22 Sunnyside Lane in Hillsborough, New Jersey, with a zip code of 08844.  The District Court granted Bishop's motion to proceed in forma pauperis in an order entered on June 2, 2015.  The District Court ordered the Clerk to file the complaint and to issue a summons.  The court also directed the U.S. Marshal to serve upon the defendant a copy of the complaint, summons, and the June 2nd order.

On June 16, 2015, a notification that had been mailed to Bishop by the Clerk of the District Court was returned by the post office as undeliverable.  The copy of the returned envelope filed on the docket does not appear to include any mailing address.[1] On June 18, 2015, a copy of the summons was similarly returned as undeliverable.  A copy of that returned envelope bears a handwritten address listing the proper street address and township name, but the wrong zip code.  The District Court subsequently entered an order on July 24, 2015, dismissing the case sua sponte without prejudice.  The District Court referenced the two documents that had been returned as undeliverable.

---

[1]  It could be that the address included on the correspondence – which was correct – was intended to show through the "window" of the envelope, and serve as an address label.  On the record as it exists, however, we cannot make any definitive determinations.

The court noted that D.N.J. Civ. R. 10.1 requires litigants to apprise the court of any address change, and provides that the failure to do so may result in the imposition of sanctions. The District Court concluded that dismissal of the case was appropriate here, where Bishop's failure to provide an accurate mailing address made "adjudication of the case impossible." See D. Ct. Order at 1. Bishop filed a timely notice of appeal.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). In this case, however, Bishop cannot meaningfully correct the error that led to the dismissal of his case. Bishop argues that he has lived at his Hillsborough residence uninterrupted since January of 1996, that he provided the District Court with an accurate mailing address, and that the undeliverable mail was the result of mailing errors made by District Court Clerk's Office. His arguments are supported by the information in the record. Bishop is not able to rectify the sanctioned conduct identified in the District Court's order where

---

[2] After Bishop filed his notice of appeal, he filed a motion pursuant to Fed. R. Civ. P. 60(b) to vacate the order dismissing his case and a motion to appoint counsel. In a text order entered on December 2, 2015, the District Court denied as moot Bishop's motions to vacate and to appoint counsel based on the filing of his notice of appeal. Bishop's motion to vacate was not filed within 28 days of entry of the District Court's final order and thus did not toll the time for appeal. See Fed. R. App. P. 4(a)(4). While Bishop's notice of appeal was timely filed from the District Court's dismissal order entered on July 24, 2015, he did not file a notice of appeal from the subsequent order entered by the District Court on December 2nd. Therefore, the propriety of that order is not before us.

the information provided to the District Court was (and continues to be) accurate.  See id. at 951-52 ("Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable.").  We are satisfied that the District Court's order is final within the meaning of § 1291.  See, e.g., Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004) ("a dismissal without prejudice [for failure to prosecute] that does not give leave to amend and closes the case is a final, appealable order under 28 U.S.C. § 1291").

The District Court's order dismissing the case as a sanction for failing to comply with D.N.J. Civ. R. 10.1 can properly be construed as a dismissal for failure to prosecute, or to comply with procedural rules or court orders.  See Fed. R. Civ. P. 41(b); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (holding that a district court may sua sponte dismiss for failure to prosecute or comply with procedural rules or court orders).[3]  This Court reviews a District Court's order dismissing a case for failure to prosecute for abuse of discretion.  See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).  Under the circumstances of this case, we conclude that the District Court did not exercise its sound discretion in dismissing Bishop's case as a sanction for his failing to file a notice of change of address pursuant to D.N.J. Civ. R. 10.1.

Bishop bore no personal responsibility for the return of the mailings from the

---

[3] The District Court relied on this Court's non-precedential opinion in McLaren v. N.J. State Dep't of Educ., 462 F. App'x 148, 149 (3d Cir. 2012), which affirmed its dismissal

4

District Court Clerk as undeliverable. See, e.g., Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Bishop complied with his duty to provide the District Court an up-to-date mailing address and has maintained the same address at all times since instituting this action. The record reflects that the return of mail by the post office as undeliverable resulted from errors made by the District Court Clerk's office. When the mail was returned as undeliverable, the District Court contacted Bishop by phone and left a message that Bishop promptly returned. See Aplt's Informal Br. 1, ¶ 5A; see also Rule 60(b) Mot. (D. Ct. docket entry # 11) at 9, 18. Bishop assured the court that the mailing address he provided was accurate. There is no indication in the record that the District Court made any further attempt to contact Bishop or provided any warning that his case might be dismissed for failure to prosecute. We note that there have been no delivery problems with mailings to Bishop from this Court using that same address.

Given the record in this case, we conclude that the District Court abused its discretion in dismissing the case as a sanction for Bishop's failure to provide the Court with an accurate mailing address. Accordingly, we will vacate the District Court's order of dismissal and remand the case with directions to reinstate the complaint and that plaintiff be afforded an opportunity to reserve the complaint at the defendant's correct address in accordance with the rules of court.

---

without prejudice for failure to prosecute in a case where documents mailed to the plaintiff had been returned as undeliverable.